STATE v. HENRY ROBERTSON.

(Decided March 8, 1898).

*Bastardy    Proceedings—Pleading—Former    Judgment.*

Where the defendant in a warrant for bastardy, having agreed upon
    terms of settlement with the prosecutrix, paid the costs and the
    Justice of the Peace who issued the warrant burned the papers
    and did not docket the warrant or other proceedings or render
    any judgment and defendant was discharged; *Held*, that such facts
    did not establish a case of "former trial and conviction" and bar a
    subsequent prosecution of the defendant for the same offence.

PROSECUTION for bastardy tried before *Robinson, J.,*
and a jury at September Term, 1897, of WAKE Superior
Court, on appeal from a judgment of F. M. Ferrell,
Justice of the Peace, directing the defendant to pay a
fine, &c. The defendant pleaded "once in jeopardy,
former judgment and not guilty," all of which issues
were tried together by consent. The State put in
evidence the written oath of the prosecutrix and rested
and did not subsequently introduce any other evidence.
The testimony for the defendant is set out in the opinion.
There was a verdict of guilty and defendant appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Messrs. Argo & Snow* for defendant (appellant).

FURCHES, J.: This is a proceeding in bastardy,
charging the defendant with the paternity of a bastard
child, begotten on the body of one Catherine Barham.

The defendant pleaded former trial and conviction,
and to sustain that plea introduced Moses G. Todd, the
Justice of the Peace before whom he alleged the former
trial and conviction were had.

The Justice of the Peace, Todd, testified that at the
instance of the prosecutrix he issued a warrant against

the defendant charging him with being the father of the bastard child; that upon this warrant the defendant was arrested and brought before him, and the prosecutrix was there also; that the defendant and the prosecutrix talked together out in the road and agreed upon terms of settlement by defendant's paying to prosecutrix five dollars, and paying the cost. "The defendant paid the cost, and he (the Justice) threw the papers in the fire place, and did not docket the warrant or other proceedings; no witness was examined, and the defendant was discharged; that he neither rendered nor docketed any judgment in the matter."

Charles Todd was also introduced as a witness for the defendant. He testified to hearing the agreement of the parties, and the prosecutrix gave the defendant the following receipt: "This is to certify that Sam Robertson has paid me five dollars as hush money in a case of bastardy. I have sworn a child to him wrongfully, and the matter for the above reasons is compromised finally."

The defendant's own witness, Todd, testified that he "did not docket the case, that he gave no judgment and docketed none," and that he threw the papers in the fire place.

We can hardly think the learned counsel, who argued the case for the defendant, was serious when he contended that the facts proved by the defendant established a case of "former trial and conviction." This does not involve the question of proving a Justice's judgment by oral evidence, where loss or absence of the docket is sufficiently accounted for, but there must be a judgment before it can be proved. In this case there was no trial, nor was there any judgment to prove.

                                                    Affirmed.